## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. _____

INTRA-LOCK INTERNATIONAL, INC.,
a Florida corporation,

        Plaintiff,

v.

STERNGOLD DENTAL, LLC,
a Massachusetts corporation,

        Defendant.
        /

_____

### COMPLAINT AND JURY DEMAND

Plaintiff, **INTRA-LOCK INTERNATIONAL, INC.**, files its Complaint against Defendant, **STERNGOLD DENTAL, LLC** (hereafter "Defendant" or "Sterngold") as follows:

### GENERAL ALLEGATIONS

1.      Counts I and II of this action is for patent infringement and arises under the Patent Laws of the United States Code, 35 U.S.C. §1 et seq. This Court has jurisdiction pursuant to 28 U.S.C. §1338(a).

2.      Count III of this action is for trademark infringement and arises under the Trademark Laws of the United States Code, 15 U.S.C. 1114; 15 U.S.C. 1125(a); and 15 U.S.C. 1125(c). This Court has jurisdiction pursuant to 15 U.S.C. 1121 and 28 U.S.C. 1331, 1338 and 1367.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §§1391 and 1400(b).

4.      Plaintiff Intra-Lock International, Inc. (hereafter "Plaintiff" or "Intra-Lock") is a Corporation organized and existing under the laws of the State of Florida and has a place of business located at 6560 W. Rogers Circle, Suite 24, Boca Raton, FL 33487.

5.      Upon information and belief, Sterngold is a corporation organized and existing under the laws of Massachusetts, with corporate headquarters located at 23 Frank Mossberg Drive, Attleboro, MA 02703-0967.

6.      This Court has jurisdiction over Sterngold in that:

A.      Sterngold has committed a tortious act in the State of Florida within the meaning of §48.193(1)(a)(2), Fla. Stat by infringing Plaintiff's patents and/or trademark within the state of Florida and by diluting Plaintiff's trademark in Florida;

B.      Sterngold does business within the State of Florida within the meaning of §48.193(1)(a)(1), Fla. Stat because Sterngold maintains an interactive website, accessible in Florida and in this judicial district, which permits communication and sales.  Upon information and belief, through this website Sterngold enters into contracts with Florida residents that involve the knowing and repeated transmission of computer files over the Internet;

C.      Sterngold caused injury to Plaintiff within Florida by an act or omission occurring outside of Florida at a time when Sterngold was engaged in solicitation activities within this state within the meaning of §48.193(1)(a)(6)(a), Fla. Stat.;

D.      Through its website, Sterngold engages in substantial activity within Florida within the meaning of §48.193(2), Fla. Stat.

## Count I - Infringement Of United States Patent No. 7,033,174 B2

7.      Plaintiff re-alleges and incorporates by reference every allegation contained in paragraphs 1 - 6 of this Complaint.

8.      Plaintiff is the owner of United States Patent No. 7,033,174 B2 Prosthetic Mounting Device (hereafter "the '174 patent"), which patent was duly and legally issued on April 25, 2006.

9.     Plaintiff has placed the required statutory notice on Prosthesis Mounting Devices and/or packaging associated therewith, which the Plaintiff has manufactured and sold under the '174 Patent.

10.     Sterngold has infringed, is infringing, and is threatening to infringe the '174 patent by making, using, offering to sell, and selling, or importing into the United States dental prosthetic mounting devices embodying the patented device in violation of 35 U.S.C. § 271(a); such prosthetic mounting device including, but not limited to: Sterngold's 2.4 x 10mm MOR Implant (product no. 901483), Sterngold's 2.4 x 13mm MOR Implant (product no. 901484), Sterngold's 2.4 x 15mm MOR Implant (product no. 901485), Sterngold's 2.1 x 10mm MOR Implant (product no. 901480), Sterngold's 2.1 x 13mm MOR Implant (product no. 901481), and Sterngold's 2.1 x 15mm MOR Implant (product no. 901482); as shown in Sterngold's internet advertising at, inter alia, http://www.sterngold.com/Sterngold/implants/productlist.aspx?catId=020801.

11.     Each and every limitation of each of at least claims 1, 2, and 4-13 of the '174 patent are found in each of Sterngold's prosthetic mounting device products listed in the preceding paragraph.

12.     Sterngold has induced, are inducing, and are threatening to induce others to infringe the '174 patent by instructing others to secure prosthetic devices on bone tissue according to the patented method, as shown in Sterngold's internet instructional guide entitled "MOR Mini Implant System    Procedure"    and    located    at    http://www.sterngold.com/Sterngold/docs/ MOR_Implant_Procedure.pdf.

13.     Sterngold has at least constructive notice of Plaintiff's rights in the patented mounting device and assembly by virtue of Plaintiff's marking of packaging for such mounting devices with the number of the '174 patent in accordance with 35 U.S.C. 287.

3

14.     As a result of Sterngold's conduct, Plaintiff has been seriously and irreparably damaged.

15.     Upon information and belief, Sterngold's infringement of the '174 patent is willful.

16.     Unless enjoined by this Court, Sterngold will continue their infringement of the '174 patent and Plaintiff will continue to be seriously and irreparably injured.

**WHEREFORE,** Plaintiff prays that this Court:

A.     Enter judgment that Sterngold has infringed United States Patent No. 7,033,174 B2;

B.     Enter a preliminary and permanent injunction restraining Sterngold, their officers, agents, servants, and employees, and each of them and anyone acting in concert with them, from infringing United States Patent No. 7,033,174 B2;

C.     Order Sterngold to pay all damages sustained by Plaintiff resulting from Sterngold's infringement of United States Patent No. 7,033,174 B2 and to compensate Plaintiff for such infringement, together with prejudgment interest thereon;

D.     Find this case to exceptional.

E.     Increase the damage amount up to three times the amount found or assessed against Sterngold.

F.     Order Sterngold to pay Plaintiff's costs, expenses and attorney fees;

G.     Award other and further relief that this Court deems just and proper.

### Count II - Infringement Of United States Patent No. 7,217,130 B2

17.     Plaintiff re-alleges and incorporates by reference every allegation contained in paragraphs 1 - 16 of this Complaint as if fully set out herein.

18.     Plaintiff is the owner of United States Patent No. 7,217,130 B2 Prosthetic Mounting Device and Assembly (hereafter "the '130 patent"), which patent was duly and legally issued on May 15, 2007.

19.     Plaintiff has placed the required statutory notice on Prosthesis Mounting Devices and Assemblies and/or packaging associated therewith, which the Plaintiff has manufactured and sold under the '130 Patent.

20.     Sterngold has infringed, is infringing, and is threatening to infringe the '130 patent by making, using, offering to sell, and selling, or importing into the United States dental prosthetic mounting device assemblies embodying the patented assembly in violation of 35 U.S.C. § 271(a); such prosthetic mounting assemblies including, but not limited to: Sterngold's MOR Straight Abutment (product no. 904785) in combination with Sterngold's 2.4 x 10mm MOR Implant (product no. 901483), Sterngold's 2.4 x 13mm MOR Implant (product no. 901484), Sterngold's 2.4 x 15mm MOR Implant (product no. 901485), Sterngold's 2.1 x 10mm MOR Implant (product no. 901480), Sterngold's 2.1 x 13mm MOR Implant (product no. 901481), and/or Sterngold's 2.1 x 15mm MOR Implant (product no. 901482). The above-identified MOR Straight Abutment is shown in Sterngold's internet advertising at, *inter alia*, http://www.sterngold.com/Sterngold/implants/product.aspx?pId=904785. The above-identified implants are shown in Sterngold's internet advertising at, *inter alia*, http://www.sterngold.com/Sterngold/implants/productlist.aspx?catId=020801.

21.     Each and every limitation of each of at least claims 1-11 of the '130 patent are found in each of Sterngold's prosthetic mounting device product combinations listed in the preceding paragraph.

22.     Sterngold has at least constructive notice of Plaintiff's rights in the patented mounting assembly by virtue of Plaintiff's marking of packaging for such mounting devices with the number of the '130 patent in accordance with 35 U.S.C. 287.

23.     As a result of Sterngold's conduct, Plaintiff has been seriously and irreparably damaged.

24.     Upon information and belief, Sterngold's infringement of the '130 patent is willful.

25.     Unless enjoined by this Court, Sterngold will continue their infringement of the '130 patent and Plaintiff will continue to be seriously and irreparably injured.

**WHEREFORE**, Plaintiff prays that this Court:

A.     Enter judgment that Sterngold has infringed United States Patent No. 7,217,130 B2;

B.     Enter a preliminary and permanent injunction restraining Sterngold, their officers, agents, servants, and employees, and each of them and anyone acting in concert with them, from infringing United States Patent No. 7,217,130 B2;

C.     Order Sterngold to pay all damages sustained by Plaintiff resulting from Sterngold's infringement of United States Patent No. 7,217,130 B2 and to compensate Plaintiff for such infringement, together with prejudgment interest thereon;

D.     Find this case to exceptional.

E.     Increase the damage amount up to three times the amount found or assessed against Sterngold.

F.     Order Sterngold to pay Plaintiff's costs, expenses and attorney fees;

G.     Award other and further relief that this Court deems just and proper.

## Count III - Infringement Of Plaintiff's OSSEAN Trademark

26.    Plaintiff re-alleges the allegations of paragraphs 1 through 25 of this Complaint as if fully set out herein.

27.    Plaintiff has developed a coating for dental implant threads that encourages osseointegration of bone tissue following implant installation and has, for many years, been selling dental implant systems that include implants comprising the osseointegrative coating.

28.    Plaintiff has also, for many years, published catalogs and maintained a successful website featuring the dental implant systems that include implants comprising the osseointegrative coating. Customers may purchase these dental implant systems from the catalogs by telephone, mail, or email, or by placing an order via a point-of sale feature, directly from Plaintiff's website.

29.    Plaintiff has, with the development of the coating, funding of university research, publication of catalogs, and the development of its website, expended considerable sums of money as well as the time and effort of employees and agents of Plaintiff.

30.    On October 25, 2006, Plaintiff filed an application to register OSSEAN as a trademark in the United States Patent and Trademark Office. Plaintiff first used the trademark OSSEAN in association with the osseointegrative coatings on dental implants, in interstate commerce, at least as early as September 30, 2007. The OSSEAN trademark was registered in the United States Patent and Trademark Office on June 3, 2008 in International Class 010 for use with dental implants as Registration No. 3,441,341.  Plaintiff is the owner of U.S. Trademark Registration No. 3,441,341.

31.    Plaintiff filed a Declaration of Incontestability and the United States Patent and Trademark Office accepted and acknowledged such declaration on June 14, 2014.

32.    Plaintiff has acquired value, name and brand recognition, and goodwill in the OSSEAN mark as a result of continual and substantial advertising, promotion, and interstate commercial activity related to its OSSEAN™ products.

33.    Plaintiff discovered in the winter of 2016 that Sterngold had begun using the confusingly similar marks OSSEO™ and OSSEOs™ with osseointegrative dental implant coatings in internet advertising.

34.    Sterngold's use of the OSSEO™ and OSSEOs™ trademarks with osseointegrative dental implant coatings is likely to cause confusion, mistake, and deceive third parties as to the affiliation, connection, or association of Sterngold with Plaintiff and as to whether or not Plaintiff has anything to do with the origin, sponsorship, or approval of the goods, services, or other commercial activities of Sterngold.

35.    Sterngold has willfully infringed upon and diluted Plaintiff's trademark OSSEAN, which mark is distinctive and famous within the meaning of 15 U.S.C. 1125(c).

36.    The conduct of Sterngold has occurred in, continues to occur in, and has caused damage to and will continue to cause damage to Plaintiff in this District and elsewhere unless enjoined.

## VIOLATION OF 15 U.S.C. 1114

37.    Plaintiff realleges and reaffirms paragraph 1 through 36 of this Complaint as if fully set out herein.

38.    Sterngold's uses of the trademarks OSSEO™ and OSSEOs™ are violations of 15 U.S.C. 1114(1)(a) in that the Sterngold has, without the consent of Plaintiff, who is the registrant of the trademark OSSEAN®, used in commerce a reproduction, counterfeit, copy, or colorable imitation of that registered mark in connection with the sale, offering for sale, distribution or

advertising of goods and services provided by Sterngold. Sterngold has used the imitations OSSEO™ and OSSEOs™ in such manners as are likely to cause confusion, mistake, or deceive.

39.   Sterngold's uses of the OSSEO™ and OSSEOs trademarks are violations of 15 U.S.C. 1114(1)(a) in that Sterngold has, without the consent of Plaintiff who is the registrant of the trademark OSSEAN®, used in commerce a counterfeit, copy, or colorable imitation of the registered mark of Plaintiff and applied such counterfeit, copy, or colorable imitation to advertisements intended to be used in commerce, in connection with the sale, offering for sale, distribution or advertising of goods or services. Sterngold has used the imitation OSSEO™ and OSSEOs™ in such manners as are likely to cause confusion, mistake or to deceive.

40.   Sterngold committed these acts with knowledge that the imitation was intended to be used to cause confusion, mistake or to deceive.

41.   Plaintiff is thus entitled to injunctive relief under 15 U.S.C. 1116 and recovery of damages from Sterngold pursuant to 15 U.S.C. 1117. Damages recoverable are three times the actual damages sustained by Plaintiff, Sterngold's profits, and the costs of the action, together with Plaintiff's attorney fees or in the alternative, damages in such sum as the Court may find to be just according to the circumstances of the case.

## VIOLATION 15 U.S.C. 1125(a)

42.   Plaintiff realleges and reaffirms paragraph 1 through 41 of this Complaint as if fully set out herein.

43.   Sterngold has violated 15 U.S.C. 1125(a) in that they have on or in connection with Sterngold's goods or services, used the names OSSEO™ and OSSEOs™, which represent false destinations of origin, false or misleading descriptions and/or misrepresentations of fact likely to cause confusion, mistake or deceive as to the affiliation, connection or association of Sterngold with

Plaintiff or which are likely to cause confusion, mistake or deceive as to whether Plaintiff has anything to do with the origin, sponsorship, or approval of the goods, services or commercial activities of Sterngold.

44.     Sterngold has similarly violated 15 U.S.C. 1125(a) in that its commercial advertising or promotion using OSSEO™ and OSSEOs™ misrepresents the nature, characteristics, qualities, and/or geographic origin of Sterngold's goods, services, or commercial activities.

45.     Plaintiff is thus entitled to injunctive relief under 15 U.S.C. 1116 and recovery of damages from Sterngold, pursuant to 15 U.S.C. 1117(a). Damages include, the actual damages sustained by the Plaintiff increased up to three times, the Sterngold's profits, and the costs of the action together with Plaintiff's reasonable attorney fees. In the alternative, Plaintiff is entitled to recover damages in such sums as the Court may find just according to the circumstances of the case.

<u>VIOLATION OF 15 U.S.C. 1125(c)</u>

46.     Plaintiff realleges and reaffirms paragraphs 1 through 45 of Count III of this Complaint as if fully set out herein.

47.     Sterngold's use of the trademarks OSSEO™ and OSSEOs™ has caused and continues to cause dilution of the distinctive quality of Plaintiff's mark, OSSEAN®. Sterngold's uses of OSSEO™ and OSSEOs™ are violations of 15 U.S.C. 1125(c), Plaintiff's mark being distinctive and famous within the meaning of the statute and Sterngold's uses of OSSEO™ and OSSEOs™ in commerce having begun after Plaintiff's mark became distinctive and famous.

48.     Sterngold willfully intended to trade on Plaintiff's reputation and/or cause dilution of Plaintiff's OSSEAN® mark by their use of the OSSEO™ and OSSEOs™ marks.

49.     Plaintiff is thus entitled to injunctive relief under 15 U.S.C. 1116 and recovery of damages from Sterngold pursuant to 15 U.S.C. 1117(a). Damages recoverable are actual damages

sustained by the Plaintiff increased up to three times, the Sterngold's profits, and the costs of the action together with Plaintiff's reasonable attorney fees. In the alternative, Plaintiff is entitled to recover damages in such sum as the Court may find just according to the circumstances of the case.

WHEREFORE, Plaintiff prays as follows:

A.      That the Court enter judgment in favor of Plaintiff against Sterngold, for all damages proximately caused by Sterngold and further award Plaintiff its attorney fees and costs incurred in the prosecution of this action.

B.      That the Court find that Sterngold has violated 15 U.S.C. 1114 and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C. 1117(a)(c) consisting of Sterngold's profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the Court award Plaintiff its attorney fees; that the Court in the alternative award damages in such amount as the Court in its discretion shall find to be just.

C.      That the Court find that Sterngold has violated 15 U.S.C. 1125(a) and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C. 1117(a)(c) consisting of Sterngold's profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the Court award Plaintiff its attorney fees; that the Court in the alternative award damages in such amount as the Court in its discretion shall find to be just.

D.      That the Court find that Sterngold has violated 15 U.S.C. 1125(c) and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C. 1117(a)(c) consisting of Sterngold's profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the Court award Plaintiff its attorney fees; that the Court in the alternative award damages in such amount as the Court in its discretion shall find to be just.

E.    Awards Plaintiff costs, pre-judgment and post-judgment interest at the maximum allowable rate, fees, and other such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, Intra-Lock International, Inc. hereby demands a trial by jury of all issues so triable.

JAY M. LEVY, P.A..
9130 S. Dadeland Boulevard
Suite 1510
Miami, Florida 33156
Telephone:    305-670-8100
Facsimile:    305-670-4827
Email: jay@jaylevylaw.com
*Local Counsel for Plaintiff*
*Intra-Lock International, Inc.*

by_____
       JAY M. LEVY
       Fla Bar No. 219754