UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CASE NO: 9:16-CV-80699-WJZ

INTRA-LOCK INTERNATIONAL, INC.,
a Florida corporation,

        Plaintiff,

v.

STERNGOLD DENTAL, LLC,
a Delaware limited liability company,

        Defendant.
_____/

**DEFENDANT STERNGOLD DENTAL, LLC'S ANSWER
TO PLAINTIFF INTRA-LOCK INTERNATIONAL, INC.'S
COMPLAINT; AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant Sterngold Dental, LLC ("Sterngold"), by and through its undersigned counsel, answers as follows in response to the corresponding numbered paragraphs in Plaintiff Intra-Lock International, Inc.'s ("Intra-Lock") Complaint, dated May 3, 2016:

**AS TO "GENERAL ALLEGATIONS"**

1. Sterngold admits that Intra-Lock purports to bring an action for patent infringement under 35 U.S.C. § 1 *et seq.* and that subject matter jurisdiction of Plaintiff's patent infringement claim is proper in this Court pursuant to 28 U.S.C. § 1338, but Sterngold denies that Intra-Lock is entitled to any relief relating thereto. Except as expressly admitted, Sterngold denies the allegations of Paragraph 1 of the Complaint.

2. Sterngold admits that Intra-Lock purports to bring an action for trademark infringement under 15 U.S.C. §§ 1114, 1125(a), and 1125(c), and that subject matter jurisdiction

of Plaintiff's trademark infringement claim is proper in this Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367, but Sterngold denies that Intra-Lock is entitled to any relief relating thereto.  Except as expressly admitted, Sterngold denies the allegations of Paragraph 2 of the Complaint.

3.  Sterngold admits that the Southern District of Florida is a suitable venue for Plaintiff's claims against Sterngold.  Except as expressly admitted, Sterngold denies the allegations of Paragraph 3 of the Complaint.

4.  Sterngold lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 4 of the Complaint.

5.  Sterngold admits that it is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 23 Frank Mossberg Drive, Attleboro, MA 02703-0967.

6.  Sterngold admits that this Court has personal jurisdiction over Sterngold in this matter.  Except as expressly admitted, Sterngold denies the allegations of Paragraph 6 of the Complaint.

**As To "Count I – Infringement Of United States Patent No. 7,033,174 B2"**

7.  Sterngold incorporates its responses to and denials of the allegations contained in Paragraphs 1 through 6 of the Complaint, as if fully set forth herein.

8.  Sterngold admits that U.S. Patent No. 7,033,174 B2 ("the '174 patent") is entitled "Prosthetic Mounting Device," and on its face indicates that the United States Patent and Trademark Office ("USPTO") issued it on April 25, 2006.  Sterngold lacks knowledge or information sufficient to form a belief about the truth as to the remaining allegations of Paragraph 8 of the Complaint, and denies these allegations on this basis.

9. Sterngold lacks knowledge or information sufficient to form a belief about the truth as to Intra-Lock's purported notice efforts with respect to the '174 patent, and denies the allegations of Paragraph 9 of the Complaint on this basis.

10. Sterngold denies the allegations of Paragraph 10 of the Complaint.

11. Sterngold denies the allegations of Paragraph 11 of the Complaint.

12. Sterngold denies the allegations of Paragraph 12 of the Complaint.

13. Sterngold denies the allegations of Paragraph 13 of the Complaint.

14. Sterngold denies the allegations of Paragraph 14 of the Complaint.

15. Sterngold denies the allegations of Paragraph 15 of the Complaint.

16. Sterngold denies the allegations of Paragraph 16 of the Complaint.

**As To "Count II – Infringement Of United States Patent No. 7,217,130 B2"**

17. Sterngold incorporates its responses to and denials of the allegations contained in Paragraphs 1 through 16 of the Complaint, as if fully set forth herein.

18. Sterngold admits that U.S. Patent No. 7,217,130 B2 ("the '130 patent") is entitled "Prosthetic Mounting Device and Assembly," and on its face indicates that the USPTO issued it on May 15, 2007. Sterngold lacks knowledge or information sufficient to form a belief about the truth as to the remaining allegations of Paragraph 18 of the Complaint, and denies these allegations on this basis.

19. Sterngold lacks knowledge or information sufficient to form a belief about the truth as to Intra-Lock's purported notice efforts with respect to the '130 patent, and denies the allegations of Paragraph 19 of the Complaint on this basis.

20. Sterngold denies the allegations of Paragraph 20 of the Complaint.

21. Sterngold denies the allegations of Paragraph 21 of the Complaint.

22. Sterngold denies the allegations of Paragraph 22 of the Complaint.

23. Sterngold denies the allegations of Paragraph 23 of the Complaint.

24. Sterngold denies the allegations of Paragraph 24 of the Complaint.

25. Sterngold denies the allegations of Paragraph 25 of the Complaint.

### As To "Count III – Infringement Of Plaintiff's OSSEAN Trademark"

26. Sterngold incorporates its responses to and denials of the allegations contained in Paragraphs 1 through 25 of the Complaint, as if fully set forth herein.

27. Sterngold lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 27 of the Complaint and on that basis denies the same.

28. Sterngold lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 28 of the Complaint and on that basis denies the same.

29. Sterngold lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 29 of the Complaint and on that basis denies the same.

30. Sterngold admits that U.S. Trademark Registration No. 3,441,341 ("the '341 registration") corresponds to the word mark "OSSEAN" in International Class 010, and on its face indicates that the word mark "OSSEAN" was first used in commerce on September 30, 2007. Sterngold lacks knowledge or information sufficient to form a belief about the truth as to the remaining allegations of Paragraph 30 of the Complaint, and denies these allegations on this basis.

31. Sterngold admits that a Declaration of Incontestability was accepted and acknowledged by the USPTO on June 14, 2014 in connection with the '341 registration. Except as expressly admitted, Sterngold denies the allegations of Paragraph 31 of the Complaint.

32. Sterngold lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 32 of the Complaint and on that basis denies the same.

33. Sterngold admits that it has used the word marks OSSEO and OSSEOs in commerce. Except as expressly admitted, Sterngold denies the allegations of Paragraph 33 of the Complaint.

34. Sterngold denies the allegations of Paragraph 34 of the Complaint.

35. Sterngold denies the allegations of Paragraph 35 of the Complaint.

36. Sterngold denies the allegations of Paragraph 36 of the Complaint.

AS TO "VIOLATION OF 15 U.S.C. 1114"

37. Sterngold incorporates its responses to and denials of the allegations contained in Paragraphs 1 through 36 of the Complaint, as if fully set forth herein.

38. Sterngold denies the allegations of Paragraph 38 of the Complaint.

39. Sterngold denies the allegations of Paragraph 39 of the Complaint.

40. Sterngold denies the allegations of Paragraph 40 of the Complaint.

41. Sterngold denies the allegations of Paragraph 41 of the Complaint.

AS TO "VIOLATION OF 15 U.S.C. 1125(a)"

42. Sterngold incorporates its responses to and denials of the allegations contained in Paragraphs 1 through 42 of the Complaint, as if fully set forth herein.

43. Sterngold denies the allegations of Paragraph 43 of the Complaint.

44. Sterngold denies the allegations of Paragraph 44 of the Complaint.

45. Sterngold denies the allegations of Paragraph 45 of the Complaint.

AS TO "VIOLATION OF 15 U.S.C. 1125(c)"

46.  Sterngold incorporates its responses to and denials of the allegations contained in Paragraphs 1 through 45 of the Complaint, as if fully set forth herein.

47.  Sterngold denies the allegations of Paragraph 47 of the Complaint.

48.  Sterngold denies the allegations of Paragraph 48 of the Complaint.

49.  Sterngold denies the allegations of Paragraph 49 of the Complaint.

Sterngold denies any other allegation of the Complaint that has not been otherwise specifically admitted or responded to.

## RESPONSE TO PLAINTIFF'S DEMAND FOR RELIEF

Sterngold denies that Plaintiff is entitled to any relief whatsoever, either legal or equitable, from Sterngold or this Court. Furthermore, Sterngold denies that this is an exceptional case such that an award of attorney's fees to Plaintiff or an award of enhanced damages to Plaintiff is appropriate.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Sterngold asserts the following separate and additional defenses, all of which are pled in the alternative, and none of which constitutes an admission that Sterngold is in any way liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

Sterngold has not infringed and does not directly infringe, literally or by application of the doctrine of equivalents, either willfully or otherwise, any claim of the '174 patent or the '130 patent, nor does Sterngold contribute to the infringement of, or actively induce others to infringe,

either literally or by application of the doctrine of equivalents, any claim of the '174 patent or the '130 patent.

## SECOND AFFIRMATIVE DEFENSE

The claims of the '174 patent and the '130 patent are invalid, in whole or in part, for failing to meet the requirements for patentability under United States law, including, *inter alia*, 35 U.S.C. §§ 101, 102, 103, 112, 116, and 256, and the non-statutory doctrine of obviousness-type double-patenting.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting the claims of the '174 patent and the '130 patent against Sterngold by reason of, among other things, statements made in the '174 patent and the '130 patent, amendments and/or statements made in and to the United States Patent and Trademark Office during the prosecution of the applications that issued as the '174 patent and the '130 patent, prior statements made in this or any other Court, prior rulings of this or any other Court, Plaintiff's prior representations to foreign patent authorities and/or the courts of other nations, and/or other representations made by Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any injunctive relief because, *inter alia*, any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law for any alleged injury.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting the claims of the '174 patent and the '130 patent against Sterngold by the equitable doctrine of patent misuse.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's trademark claims are barred because the alleged OSSEAN mark is merely descriptive, and cannot function as a valid or enforceable trademark.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's trademark claims are barred because Plaintiff has acquiesced to Sterngold's use of the OSSEO and OSSEOs trademarks.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's trademark claims are barred by the doctrine of equitable estoppel for failure to police and enforce the alleged OSSEAN mark.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of unclean hands.

## RESERVATION OF RIGHT TO SUPPLEMENT DEFENSES

Sterngold reserves its right to supplement its Answer with additional defenses that are learned in the course of discovery.

## JURY DEMAND

Sterngold demands a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues presented by Plaintiff's Complaint that are so triable.

## STERNGOLD'S COUNTERCLAIMS AGAINST PLAINTIFF

1. Counterclaim-Plaintiff Sterngold Dental, LLC ("Sterngold") seeks a declaratory judgment that U.S. Patent No. 7,033,174 ("the '174 patent") and U.S. Patent No. 7,217,130 ("the '130 patent") (collectively, "the patents-in-suit") are not infringed by Sterngold and are invalid and unenforceable. Sterngold also seeks a declaratory judgment that U.S. Trademark Registration No. 3,441,341 ("the '341 registration") is not infringed by Sterngold.

## PARTIES

2. Sterngold is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 23 Frank Mossberg Drive, Attleboro, MA 02703-0967.

3. Upon information and belief, Counterclaim-Defendant Intra-Lock International, Inc. ("Intra-Lock") is a corporation organized and existing under the laws of the State of Florida, and Intra-Lock maintains its principal place of business at 6560 W. Rogers Circle, Suite 24, Boca Raton, Florida 33487.

## JURISDICTION

4. This Court has subject matter jurisdiction over Sterngold's declaratory relief counterclaims under 28 U.S.C. §§ 2201 and 2202.

5. This Court further has subject matter jurisdiction over Sterngold's counterclaims under 28 U.S.C. §§ 1331, 1332(a), and 1338.

6. The Court has personal jurisdiction over Intra-Lock because Intra-Lock made a general appearance in this case and maintains its headquarters in Florida.

7. Venue is proper for Sterngold's counterclaims under 28 U.S.C. §§ 1391 and 1400.

## COUNT I

**DECLARATORY JUDGMENT OF INVALIDITY OF PATENTS-IN-SUIT**

8. Sterngold repeats and re-alleges each and every allegation of paragraphs 1 through **Error! Reference source not found.** as if set forth fully herein.

9. There is an actual, live controversy between Sterngold and Counterclaim-Defendant as to whether the patents-in-suit are valid. Specifically, Sterngold contends that the patents-in-suit are invalid, whereas Counterclaim-Defendant contends that they are valid.

10. The claims of the patents-in-suit are invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103, 112, 116, and 256 and/or the non-statutory doctrine of obviousness-type double-patenting, because, *inter alia*, the specification fails to enable or describe the full scope of the issued claims, and/or the claims are anticipated and/or rendered obvious by the prior art.

11. Sterngold therefore seeks a declaration that each of the claims of the patents-in-suit is invalid.

## COUNT II

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF PATENTS-IN-SUIT**

12. Sterngold repeats and re-alleges each and every allegation of paragraphs 1 through 7 as if set forth fully herein.

13. There is an actual, live controversy between Sterngold and Counterclaim-Defendant as to whether Sterngold has infringed or does infringe, directly or indirectly, any valid claim of the patents-in-suit.

14. Any use, manufacture, offer for sale, sale, and/or importation into the United States of Sterngold's MOR Abutments and/or Implants by Sterngold does not directly or indirectly infringe any claim of the patents-in-suit, literally or under the doctrine of equivalents.

15. Sterngold therefore seeks a declaration that it has not and does not infringe any claim of the patents-in-suit, directly or indirectly, either literally or under the doctrine of equivalents.

## COUNT III

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK

16. Sterngold repeats and re-alleges each and every allegation of paragraphs 1 through 7 as if set forth fully herein.

17. Sterngold's use of the OSSEO and OSSEOs word marks do not create a likelihood of confusion amongst consumers as to the origin of the goods sold, and is not confusingly similar to Counter-Defendant's OSSEAN trademark.

18. Counter-Defendant's OSSEAN trademark is a weak, descriptive mark derived from the word "osseointegration" which refers to the structural and functional connection between living bone and the surface of a load-carrying implant.

19. Moreover, Sterngold's and Counter-Defendant's respective products are sold to a limited and highly-educated base of customers that will recognize that the products originate from different sources.

20. Sterngold therefore seeks a declaration that it has not and does not infringe the '341 registration.

## DEMAND FOR RELIEF

Sterngold respectfully requests that this Court enter judgment in Sterngold's favor on Counts I through III of its Counterclaims against Intra-Lock, and grant Sterngold the following relief:

A. A declaration that each of the claims of the patents-in-suit is invalid or unenforceable.

B. A declaration that Sterngold does not directly or indirectly infringe any claim of the patents-in-suit, either literally or under the doctrine of equivalents.

C. A declaration that Sterngold does not infringe the '341 registration.

D. Such other relief as this Court deems just and proper.

## JURY DEMAND

Sterngold hereby demands trial by jury in this action of all issues and claims triable by right of jury.

Dated:  August 1, 2016

Respectfully submitted,

**MCDONALD HOPKINS LLC**
200 Southeast Biscayne Blvd.,
Suite 2600
Miami, FL 33131
Telephone No. (305) 704-3990
Facsimile No. (305) 704-3999

By:  /s/ *Richard Guerra*
     Richard Guerra, Esq.
     Florida Bar No. 689521
     EMail: rguerra@mcdonaldhopkins.com

**MICHAEL C. CESARANO, P.A.**
Michael C. Cesarano, Esq.
Email: mccesarano@yahoo.com
2665 South Bayshore Drive, Suite 220
Coconut Grove, FL 33133
Telephone No. (305) 778-5155

*Counsel for Defendant Sterngold Dental, LLC*

## CERTIFICATE OF SERVICE

I HEREBY certify that on August 1, 2016, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

/s Richard Guerra
Richard Guerra

# SERVICE LIST
*Intra-Lock International, Inc. v. Sterngold Dental, LLC*
Case No.: 9:16-cv-80699-WJZ
**United States District Court, Southern District of Florida**

**Jay M. Levy, P.A.**
Jay M. Levy
Email: jay@jaylevylaw.com
9130 S. Dadeland Boulevard
Suite 1510
Miami, FL 33156
Telephone No. (305) 670-8100
Facsimile No. (305) 670-4827
*Via CM/ECF*

**Reising Ethington, PC**
Eric T. Jones (*Admitted Pro Hac Vice*)
Email: jones@reising.com
Richard W. Hoffman (*Admitted Pro Hac Vice*)
Email: hoffman@reising.com
755 W. Big Beaver Road, Suite 1850
Troy, MI 48084
Telephone No.  (248) 689-3500
Facsimile No.  (213) 689-4071
*Via CM/ECF*

*Counsel for Plaintiff*
*Intra-Lock International, Inc.*

101778391